UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 014-cv-61735 RNS

MICHELLE ESPIDO,

Plaintiff,

Vs.

FLANIGAN'S ENTERPRISES, INC.,
A Florida Corporation,

Defendant

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

COMES NOW, Defendant, Flanigan's Enterprises Inc., through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, and states:

1. Defendant denies the allegation in paragraph 4 of the Complaint that it employs over 900 fulltime employees. Defendant admits all other allegations in paragraph 4.

2. Defendant denies each and every allegation in paragraphs 1-3 and 5-38 of the Complaint and demands strict proof thereof.

3. Defendant denies every allegation and inference in the "WHEREFORE" clause of Plaintiff's Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims fail in whole or in part because she has failed to reasonably mitigate her damages.

2. Defendant Flanigan's has a well-disseminated and consistently enforced policy that provides for the reporting and resolution of employee complaints of perceived unjust, inequitable, hostile, and/or discriminatory treatment, including but not limited to, complaints of disparate treatment, hostile work environments, and retaliation.  Plaintiff's claims are barred to the extent that she did not avail herself of this policy.

3. Plaintiff's claims are barred in whole or in part for failure to exhaust administrative remedies to the extent that the allegations in the Complaint exceed the parameters of Plaintiff's EEOC charge.

4. All actions taken by Defendant Flanigan's were based on legitimate business reasons unrelated to any discriminatory or retaliatory reasons or purposes.

5. Defendant Flanigan's has made a good faith effort to prevent any discrimination or retaliation by its employees, and thus cannot be held liable for decisions of any agents to the extent that the challenged employment decisions were contrary to the Defendant's efforts to comply with applicable laws.

6. Plaintiff's claims and/or damages are barred on the grounds that even if any decisions concerning Plaintiff were based, in part, on any retaliatory reasons, which Flanigan's denies, Flanigan's would have reached the same decisions absent Plaintiff's "protected" actions.

7. Plaintiff's damages, if any, should be reduced by any benefits Plaintiff received from collateral sources.

8. Plaintiff's backpay or other damages for lost wages, if any, must be offset by interim earnings and/or amounts earnable by Plaintiff with reasonable diligence.

9. Plaintiff's claims are barred to the extent that the same Flanigan's employees who made the decision to hire and promote Plaintiff, also made the decision to terminate Plaintiff.

10. Flanigan's will allege any and all after-acquired evidence of Plaintiff's wrongdoing at work as further legitimate reasons for any alleged adverse employment actions.

11. Plaintiff is responsible in whole or in part for all counts and allegations in the Complaint.

12. Plaintiff's claims are barred in whole or in part because she is an at-will employee.

13. Plaintiff's claims are barred in whole or in part because she has not suffered any damages.

14. Plaintiff's claims are barred because they fail to adequately state a cause of action against Defendant.

## RESERVATION OF RIGHTS

Defendant reserves the right to bring any additional affirmative defenses that become known throughout the course of litigation.

## DEMAND FOR JURY TRIAL

Defendant respectfully demands a trial by jury for all issues so triable.

WHEREFORE, having answered the Complaint, Defendant respectfully request that this Court enter a judgment in favor of Defendant, dismissing this cause with prejudice; award Defendant their costs in defending this lawsuit, award Defendant their reasonable attorney's fees as may be determined by the Court, and award any other relief this Court deems just and proper

Respectfully submitted this 18th day of August, 2014

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 22nd day of August, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF to: **Marc S. Reiner, Esq.**, Reiner Law P.A., 224 Datura Street, Suite 1313, West Palm Beach, Florida 33401.

        ROBERTS & DURKEE, P.A.
        *Attorneys for Plaintiff*
        Alhambra Towers, Penthouse I
        121 Alhambra Plaza, Suite 1603
        Coral Gables, Florida 33134
        Telephone No.: 305-442-1700
        Facsimile No.:   305-442-2550
        E-Mail:Roberts@rdlawnet.com
                Basnuevo@rdlawnet.com
                Jennifer@rdlawnet.com

By:    s:/ Javier A. Basnuevo
        H. CLAY ROBERTS, ESQ.
        Fla. Bar No.:  262307
        JAVIER A. BASNUEVO, ESQ.
        Fla. Bar No.: 100509